UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ,<br>　Secretary of Labor,<br>　United States Department of Labor,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　　v.<br>SCOTT BRAIN, *et al.*,<br><br>　　　　　　　　　　　　Defendants. | LA CV14-03911 JAK (AGRx)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION**<br>**JS-6** |

　　　A bench trial in this action resulted in findings of fact and conclusions of law. Consequently,

　　IT IS ORDERED that judgment be entered in favor of Plaintiff, Thomas E. Perez, Secretary of Labor, U.S. Department of Labor, as follows:

　　　　1) Defendant Scott Brain ("Brain") violated ERISA § 510, 29 U.S.C. § 1140, by causing Cheryle Robbins ("Robbins") to be placed on paid administrative leave in retaliation for protected conduct;

2) Defendants Melissa Cook and Melissa W. Cook & Associates, P.C. (collectively, "Cook Defendants") violated ERISA § 510, 29 U.S.C. § 1140, by causing Robbins to be placed on paid administrative leave in retaliation for protected conduct;

3) Defendant Brain violated ERISA § 510, 29 U.S.C. § 1140, by causing the termination of Cory Rice ("Rice") in retaliation for protected conduct and for an improper purpose;

4) The Cook Defendants, and each of them, violated ERISA § 510, 29 U.S.C. § 1140, by causing the termination of Rice in retaliation for protected conduct and for an improper purpose;

5) Defendant Brain violated ERISA § 510, 29 U.S.C. § 1140 by causing the removal of Robbins from her employment with the Cement Masons Southern California Trust Funds Administrative Corporation and by preventing her from performing any services or work for the Cement Masons Southern California Trust Funds,[1] both of which were in retaliation for protected conduct;

6) The Cook Defendants, and each of them, violated ERISA § 510, 29 U.S.C. § 1140, by causing Robbins to be removed from her employment with the Cement Masons Southern California Trust Funds Administrative Corporation and by preventing her from performing any services or work for the Cement Masons Southern California Trust Funds, both of which were in retaliation for protected conduct;

7) Defendant Brain violated his fiduciary duties to the Cement Masons

---

[1] As used in this Judgment and Permanent Injunction, the Cement Masons Southern California Trust Funds refers to the Cement Masons Southern California Health and Welfare Trust Fund, the Cement Masons Southern California Pension Trust, the Eleven Counties Cement Masons Vacation Savings Plan Trust, the Cement Masons Joint Apprenticeship Trust, and the Cement Masons Southern California Individual Retirement Account Defined Contribution Trust.

    Southern California Trust Funds under ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B), when he caused Robbins to be placed on paid administrative leave in retaliation for her protected conduct; and

  8) The Cook Defendants, and each of them, violated ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B), by knowingly participating in Defendant Brain's breach of his fiduciary duties with respect to causing Robbins to be placed on paid administrative leave in retaliation for protected conduct.

  IT IS FURTHER ORDERED AND ADJUDGED that, within 30 days of the date of the entry of this Judgment, the Cook Defendants shall disgorge $61,480.62 to the Southern California Cement Masons Trust Funds, which is the amount of fees received as a result of work performed that was prohibited conduct, and that post-judgment interest be paid thereon as provided by 28 U.S.C. § 1961;

  IT IS FURTHER ORDERED AND ADJUDGED that, the following permanent injunction is entered against Brain, Melissa W. Cook, and Melissa W. Cook & Associates, P.C.:

  1) Defendant Brain is removed as a Trustee for any and all of the Cement Masons Southern California Trust Funds.

  Defendant Brain is hereby permanently restrained and enjoined from:

 (a) serving in any fiduciary capacity, including but not limited to serving as a Trustee, for any of the Cement Masons Southern California Trust Funds, their successors, or their assigns; and

 (b) applying for, or accepting any fiduciary position with any ERISA-covered plan, unless in connection with such an application and prior to accepting any such position that is offered, Defendant Brain first discloses the terms of this Final Judgment and Permanent Injunction.

  2) Any attorney-client relationship between the Cook Defendants,

or either of them, and any of the Cement Masons Southern California Trust Funds, is terminated.

3) Defendant Melissa W. Cook, her agents, and any other person acting with her or on her behalf are hereby permanently restrained and enjoined from providing any services to any of the Cement Masons Southern California Trust Funds, their successors, or their assigns.

4) Defendant Melissa W. Cook & Associates, P.C., its owners, its officers and directors, its affiliates and subsidiaries, its employees and agents, its successors and assigns, and any other person or entity acting with it or on its behalf are hereby permanently restrained and enjoined from providing any services to any of the Cement Masons Southern California Trust Funds, their successors, or their assigns.

5) Within 14 days of the entry of this Final Judgment and Permanent Injunction, Brain shall provide notice of the Final Judgment and Permanent Injunction to all trustees, participants, and beneficiaries of the Cement Masons Southern California Trust Funds.

6) Within 14 days of the entry of this Final Judgment and Permanent Injunction, each of the Cook Defendants shall provide notice of this Final Judgment and Permanent Injunction to all owners, officers, directors, affiliates, subsidiaries, employees, and agents of Melissa W. Cook & Associates, P.C.

IT IS FURTHER ORDERED that judgment be entered in favor of Defendant Brain as follows:

1) Plaintiff has failed to show by a preponderance of the evidence that Brain violated ERISA § 510, 29 U.S.C. § 1140, by causing the termination of Louise Bansmer ("Bansmer") in retaliation for protected conduct; and
2) Plaintiff has failed to show by a preponderance of the evidence that Brain

violated ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B) by failing adequately to investigate allegations Robbins made as to wrongful conduct by Brain.

IT IS FURTHER ORDERED that judgment be entered in favor of the Cook Defendants as follows:
1) Plaintiff has failed to show by a preponderance of the evidence that the Cook Defendants, or either of them, violated ERISA § 510, 29 U.S.C. § 1140, by causing the termination of Bansmer in retaliation for protected conduct.

IT IS FURTHER ORDERED that judgment be entered in favor of Defendant Jaime Briceno ("Briceno") as follows:
1) Plaintiff has failed to show by a preponderance of the evidence that Briceno violated ERISA § 510, 29 U.S.C. § 1140 by engaging in retaliatory acts against Robbins;
2) Plaintiff has failed to show by a preponderance of the evidence that Briceno violated ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B) by failing adequately to investigate allegations that Robbins made as to wrongful conduct by Brain; and
3) Plaintiff has failed to show by a preponderance of the evidence that Briceno violated ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B) by voting to use assets of the Trust Funds to pay the cost of settlement of a civil action that was brought by Robbins.

IT IS FURTHER ORDERED that Plaintiff, Brain, Briceno, and the Cook Defendants each shall bear his or its own costs.

**IT IS SO ORDERED.**

Dated: October 14, 2016

_____
John A. Kronstadt
United States District Judge